

**FILED**
**MAR. 21, 2022**
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., <br> *President of the United States, et al.*, <br><br> Defendants. | Case: 1:22−cv−00791 <br> Assigned To : Kollar−Kotelly, Colleen <br> Assign. Date : 3/21/2022 <br> Description: Pro Se Gen. Civ. (F−DECK) <br><br> Civil Action No. 21- <br><br> Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

Plaintiff in this action, John Doe, an Iranian national currently living in Iran, has moved to proceed under pseudonym, Pl. John Doe's Mot. to Proceed Under Pseudonym ("Pl.'s Mot."), in his instant action seeking declaratory and injunctive relief in connection with the denial of his U.S. immigrant visa application on terrorist grounds, Compl. at 1.  For the reasons set forth below, the Court will grant plaintiff's motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

## I. BACKGROUND

In or around July 2016, plaintiff, an Iranian national, applied for an immigrant visa to the United States "as the sibling of a U.S. citizen," along with his spouse and their three children.  Compl. ¶¶ 8–9.  In or around August 2018, the family "attended an immigrant visa interview at the U.S. Embassy in Yerevan, Armenia," *id.* ¶ 12, during which plaintiff was asked about his "compulsory military service in Iran," *id.* ¶ 13.  After the interview, the family members were "issued a refusal letter" noting their ineligibility to receive immigrant

---

[1]  *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

visas due to then-President Trump's travel ban, but stating that "the consular officer [was] reviewing their eligibility for a waiver under the travel ban proclamation." *Id.* ¶ 14. A year later, plaintiff's spouse and their three children were notified that they had received a waiver and their immigrant visas could be processed, *id.* ¶ 19, and in fall 2019, they "entered the U.S. and were admitted as permanent residents," *id.* ¶ 20. Plaintiff remains in Iran. *Id.* ¶ 1.

In September 2021, plaintiff's visa application was refused pursuant to "the terrorist-related grounds of inadmissibility to the U.S." under 8 U.S.C. § 1182(a)(3)(B). Compl. ¶ 22. Without having access to "any explanation or indication of facts or allegations that may have been relied upon or considered by the consular officer," plaintiff points to his past experience completing "compulsory military service at the IRGC [Islamic Revolutionary Guard Corps]," *id.* ¶ 24, which has been designated by the U.S. government as a Foreign Terrorist Organization, *id.* ¶ 16. Plaintiff has now filed this suit, challenging the U.S. government's application of 8 U.S.C. § 1182 to his situation under the Administrative Procedures Act, *see* Compl. ¶¶ 57–77, and on constitutional grounds, *see id.* ¶¶ 78–91.

Plaintiff seeks to proceed under pseudonym to protect against "the risks of being falsely labeled as an individual who provided services and support to IRGC as a designated Foreign Terrorist Organization, with the concomitant reputational and personal safety risks posed by being associated falsely with IRGC," Pl.'s Mot. ¶ 6, and with publicly "disassociating himself with IRGC and its activities" while he remains in Iran, *id.* ¶ 7.

## II. LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P. 11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions

by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name or other personal information may be redacted to protect privacy by limiting public access.  *See, e.g.,* FED. R. CIV. P. 5.2 (a) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and only partial birthdates and social-security, taxpayer-identification, and financial account

numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the 'rare dispensation' of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well as the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft*

4

*Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

### III. DISCUSSION

At this early stage of the litigation, this Court is persuaded that plaintiff has met his burden of showing that his privacy and security interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation. The public's interest in the litigant's identity is *de minimis* compared to the significant privacy interests of plaintiff, who reasonably fears that proceeding under his real name will expose him to the "risk of retaliatory harm," including persecution and harassment by the Iranian government, because by "disassociating himself with IRGC and its activities," plaintiff could be found "to have committed 'antirevolutionary behavior,' 'have sided with global arrogance,' or 'insulted' Islam" and be subject to harassment. Pl.'s Mot. ¶ 7.

First, as the description of plaintiff's claim makes clear, plaintiff does not seek to proceed under pseudonym "merely to avoid . . . annoyance and criticism," but to "preserve privacy" and security in a matter that is "sensitive" and potentially dangerous. *In re Sealed Case*, 931 F.3d at 97. Plaintiff highlights the "reputational and personal safety risks of being falsely associated with IRGC" and his privacy interest in not being "unfairly brand[ed] . . . as an individual associated with terrorism." Pl.'s Mot. ¶ 6. As plaintiff notes, this Court has previously recognized the "risks of being associated with terrorism" as sufficient grounds for a plaintiff to proceed pseudonymously. *See Doe v. Benoit*, No. 19-cv-1253 (BAH), 2019 WL 13079193, at *4 (D.D.C. Apr. 30, 2019) (citing *Doe v. Lynch*, No. 16-cv-253 (BAH), 2016 WL 10844617, at *1 (D.D.C. Apr. 28, 2016)).

Second, plaintiff has sufficiently alleged that disclosure of his identity "poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties." *In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). Plaintiff explains that if his name were publicly associated with this suit and the Complaint, in which he "disassociat[es] himself with IRGC and its activities," he "could be deemed by the government of the Islamic Republic of Iran to have committed 'antirevolutionary behavior,' 'have sided with global arrogance,' or 'insulted' Islam," which could potentially result in the Iranian government subjecting him to persecution and harassment. Pl.'s Mot. ¶ 7.

The third and fourth *James* factors weigh slightly against granting plaintiff's motion. Plaintiff does not allege that the interests of any minors are at risk, *see In re Sealed Case*, 931 F.3d at 97, and although "there is a heightened public interest when an individual or entity files a suit against the government," *In re Sealed Case*, 971 F.3d at 329, such as this one, nothing about these proceedings creates any need for transparency with respect to plaintiff's identity. *Cf. id.* (describing the public interest as "particularly great" where regulated entity sued government agency regarding "special exemptions" from statutory obligations). Here, plaintiff seeks to vindicate only his own rights, and anonymity appears to be necessary to provide him the opportunity to do so.

Finally, defendants would suffer no "risk of unfairness" if plaintiff's motion were granted. *See In re Sealed Case*, 931 F.3d at 97 (quoting *James*, 6 F.3d at 238). Allowing plaintiff to proceed under pseudonym will have no impact on any private rights, as defendants are all government officers sued in their official capacity. *See* Compl. at 1. Plaintiff states his intention to "inform Defendants of Plaintiff's true identity" through counsel. Pl.'s Mot. ¶ 12. Thus, allowing plaintiff to proceed anonymously will not compromise defendants' ability to

defend this action. In addition, plaintiff seeks only to proceed using a pseudonym, and has not requested that all court filings be sealed.

In sum, weighed against the minimal apparent interest in disclosure, plaintiff's significant and "legitimate interest in anonymity" at this early stage in the litigation is more than sufficient to overcome "countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 97; *see also Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

### IV.     CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed Under Pseudonym is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned, and the plaintiff may proceed with the case using the pseudonym "John Doe;" it is further

**ORDERED** that the plaintiff may redact any personal information that might lead to his identification; it is further

**ORDERED** that the plaintiff must file, under seal, within ten days of this Order, a declaration containing his real name and residential address; and it is further

**ORDERED** that the defendants are prohibited from publicly disclosing the plaintiff's identity or any personal identifying information that could lead to the identification of the plaintiff by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: March 21, 2022

_____
BERYL A. HOWELL
Chief Judge